# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KHOR CHIN LIM,**
   **Plaintiff,**

  v.              Case No. 11-CV-00666

**BMO FINANCIAL GROUP, et al.,**
   **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiff Khor Chin Lim is suing defendants BMO Financial Group, BMO Harris Bank NA, Goh Chok Tong (a former prime minister of Singapore), and 15 unnamed defendants. Defendants BMO Financial Group and BMO Harris Bank have moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In response, plaintiff has filed a motion for summary judgment and a motion for entry of default judgment. Plaintiff has also made a motion asking me to recuse myself from this case. Since I do not find any basis for recusal, I am denying plaintiff's motion for recusal. I am also dismissing this lawsuit because the complaint fails to state a claim and because plaintiff's claims are frivolous.[1]

---

[1] In addition to this lawsuit, plaintiff has recently filed five other lawsuits in this judicial district, four of which have already been dismissed as frivolous. Lim v. Walker, et al., Case No. 11-CV-00708 (E.D. Wis.) (dismissed as frivolous); Lim v. Courtcall Inc., et al., Case No. 11-CV-00748 (E.D. Wis.) (dismissed as frivolous); Lim v. Staples Inc., et al., Case No. 11-CV-00866 (E.D. Wis.) (dismissed as frivolous); Lim v. Quest Diagnostic Inc., et al., 11-CV-00875 (E.D. Wis.) (pending); Lim v. Courtcall Inc., et al., Case No. 11-CV-00005 (E.D. Wis.) (dismissed as frivolous). Plaintiff also improperly removed a petition for a restraining order against him from the Rock County Circuit Court in Wisconsin, which I remanded back to the state court. Lim v. Lim, Case No. 11-CV-00980 (E.D. Wis.).

Plaintiff alleges that, on June 27, 2011, defendant BMO Harris Bank fraudulently deposited into someone else's savings account a check for $26,300.00 that plaintiff had tendered for deposit. As a result of the bank's fraud, plaintiff claims that it took two days for his online statement to show a credit for the deposit in his checking account, and that, even after the credit appeared, the $26,300.00 was labeled as a "provisional credit deposit." Plaintiff believes that the manipulation of his bank account was the result of a conspiracy between defendants. He alleges that the goal of the conspiracy was to deprive him of his financial support and cause him emotional distress.

First, I am dismissing this case because the complaint fails to state a claim. A complaint should be dismissed if it fails to state sufficient facts to support a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In other words, dismissal is appropriate if it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007). Here, plaintiff claims that defendants are liable for fraud, conversion, breach of contract, and intentional infliction of emotional distress, but the facts he alleges do not support any of these claims. Plaintiff only alleges that the deposit did not appear on his online statement until June 29, 2011 and that his statement identified the $26,300.00 as a "provisional credit deposit." Plaintiff does not allege that he was ever unlawfully denied access to the funds after June 29, and the complaint does not provide any legal justification for finding that the two-day delay violated the law. While plaintiff does specifically allege that defendants violated the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001, et seq., by failing to make the funds available to him "in a timely manner," he does not identify any particular provision of the EFAA or explain how the

delay violated that law. Since plaintiff has not successfully alleged that any of the defendants violated any law, his claims for conspiracy, aiding and abetting, and injunctive relief must also fail.

Alternatively, I am dismissing this case because the claims in the complaint are frivolous. District courts have the authority to screen complaints filed by all litigants, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B)(i-iii). A frivolous claim is one that "no reasonable person could suppose to have any merit," Lee v. Clinton, 209 F. 3d 1025, 1026 (7th Cir. 2000), meaning that it lacks an arguable basis in law or fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). When deciding whether a claim is frivolous, a judge does not have to accept every allegation as true. Instead, the court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327–28. No reasonable person could suppose that a local bank, a former prime minister of Singapore, and 15 unnamed individuals all conspired to manipulate the deposits in plaintiff's bank account in an effort to deprive of him financial support and cause him emotional distress.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for recusal [DOCKET #38] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [DOCKET #20] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [DOCKET #23] is **DENIED**, plaintiff's motion to set aside defendants' motion to dismiss [DOCKET #32] is **DENIED**, and plaintiff's motion for default judgment [DOCKET #32] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to consolidate this case [DOCKET #6 and DOCKET #12] are **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2012.

s/_____
LYNN ADELMAN
District Judge